ELLIOT BORENT *v.* STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION (12042)

O'CONNELL, HEIMAN and SPEAR, Js.

Argued December 6, 1993—decision released January 25, 1994

*Loida John,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellant (defendant).

*Brian W. Prucker,* for the appellee (plaintiff).

HEIMAN, J. The defendant appeals, pursuant to General Statutes (Rev. to 1991) § 31-301b,[1] from a decision of the compensation review division of the workers' compensation commission reversing a decision by the compensation commissioner for the second district denying the plaintiff's motion to preclude the defendant from raising a defense. On appeal, the defendant claims that the review division improperly found a date of injury different from that found by the commissioner. We affirm the decision of the compensation review division.

---

[1] General Statutes (Rev. to 1991) § 31-301b provides: "Any party aggrieved by the decision of the compensation review division upon any question or questions of law arising in the proceeding may appeal the decision of the compensation review division to the appellate court."

The following facts are necessary for a proper resolution of this appeal. On October 13, 1988, the plaintiff filed a notice of claim with the workers' compensation commission alleging repetitive injury "to binaural ears" that occurred while employed by the defendant on August 2, 1988. Notice was sent to the commissioner and to the employer. On September 26, 1990, the plaintiff filed a motion to preclude the defendant from contesting the compensability of the claim because the defendant failed to disclaim liability to pay the claim within twenty days of receiving the notice of claim from the plaintiff. See General Statutes (Rev. to 1991) § 31-297 (b).[2] On September 16, 1991, the commissioner denied the motion to preclude. The commissioner found that the defendant had paid medical bills for hearing loss related problems on January 15 and January 24, 1987. The commissioner further found that the "latest time that [the plaintiff's] injury could have occurred was January 15, 1987." On the basis of this date of injury, the notice of claim dated October 13, 1988, was untimely and invalid. See General Statutes (Rev. to 1991) § 31-294 (a).[3] The commissioner further held that

---

[2] General Statutes (Rev. to 1991) § 31-297 provides in pertinent part: "(b) Except as provided in subsection (c) of this section, whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners . . . . If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury . . . and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability . . . ."

[3] General Statutes (Rev. to 1991) § 31-294 provides in pertinent part: "(a) Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure . . . . No proceedings for compensation under the provisions of this

since a plaintiff cannot prevail on a motion to preclude a defense to an invalid claim, the motion to preclude must have been denied. *Pelletier* v. *Caron Pipe Jacking, Inc.,* 13 Conn. App. 276, 281, 535 A.2d 1321, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988).

The plaintiff appealed the commissioner's finding to the compensation review division on September 20, 1991, pursuant to General Statutes (Rev. to 1991) § 31-301 (a).[4] The review division reversed the finding by the commissioner that the date of injury was January 15, 1987. The review division stated that "where the injury claimed, as in many hearing loss cases, results from repetitive trauma we have held the date of injury to be the last date of exposure to the incidents of repetitive trauma, i.e., the last day worked." The review division further found that the plaintiff worked after the January, 1987 injury and was working on August 2, 1988. Therefore, the review division found that the notice of claim was filed within the proper time frame and the motion to preclude should have been granted. The defendant appealed from this judgment.

The review division may not disturb "[t]he conclusions drawn by [the commissioner] from the facts found . . . unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Fair* v. *People's Savings Bank,* 207 Conn. 535, 539, 542 A.2d 1118 (1988); *DeBarros* v. *Singleton,* 21 Conn. App. 107, 110, 572 A.2d 69, cert. denied, 215 Conn. 808, 576 A.2d

chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident . . . which caused the personal injury . . . ."

[4] General Statutes (Rev. to 1991) § 31-301 provides in pertinent part: "(a) At any time within ten days . . . after a decision of the commissioner upon a motion . . . either party may appeal therefrom to the compensation review division . . . . The compensation review division shall hear the appeal on the record of the hearing before the commissioner . . . ."

538 (1990). "[T]he conclusions drawn by the commissioner cannot stand when they result from an incorrect application of the law." *Kinney* v. *State,* 213 Conn. 54, 59, 566 A.2d 670 (1989). "Our scope of review of the actions of the review division is similarly limited. . . . The decision of the review division must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Citation omitted.) *DeBarros* v. *Singleton,* supra; see *Vanzant* v. *Hall,* 219 Conn. 674, 677, 594 A.2d 967 (1991).

"We accord great deference to the construction given to § 31-294 by the commissioner and the review division because they are both charged with its enforcement. *Police Department* v. *State Board of Labor Relations,* 225 Conn. 297, 300, 602 A.2d 1005 (1993); *Board of Education* v. *State Board of Labor Relations,* 217 Conn. 110, 119–20, 584 A.2d 1172 (1991)." *Crochiere* v. *Board of Education,* 227 Conn. 333, 354, 630 A.2d 1027 (1993). The review division and our court have considered the type of injury alleged in the notice of claim to be accurate for the purpose of reviewing the timeliness of the claim. See *Pelletier* v. *Caron Pipe Jacking, Inc.,* supra; *Dorsett* v. *General Dynamics Corp.,* 8 Conn. Workers' Comp. Rev. Op. 77, aff'd, 23 Conn. App. 827, 584 A.2d 484 (1990), cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991). The review division has repeatedly held that, as a matter of law, the date of injury of a repetitive trauma is the last day of exposure, which is usually the last date of employment. See *Carvalko* v. *Bassick Co.,* 9 Conn. Workers' Comp. Rev. Op. 258 (1991); *Dorsett* v. *General Dynamics Corp.,* supra; *Delos* v. *United Illuminating,* 7 Conn. Workers' Comp. Rev. Op. 111 (1989); *Pich* v. *Pratt & Whitney,* 4 Conn. Workers' Comp. Rev. Op. 163 (1988). Our courts have endorsed this construction. *Crochiere*

v. *Board of Education,* supra; *Dorsett* v. *General Dynamics Corp.,* supra.

The commissioner found that the plaintiff was employed by the defendant on August 2, 1988,[5] and the notice of claim alleged a repetitive trauma. Since the plaintiff was exposed to the incidents of the trauma on August 2, 1988, an injury date of August 2, 1988, must be found. Therefore, the motion to preclude should have been granted by the commissioner because the filing of the claim did not violate the time limitation set forth in General Statutes (Rev. to 1991) § 31-294 (a).

The defendant also claims that the review division lacked the ability to determine a different date of injury because the plaintiff's motion to correct the commissioner's finding was not proper. The defendant asserts that the plaintiff requested only an additional finding that the injury occurred on August 2, 1988, without requesting a deletion of the finding of injury on January 15, 1987. Further, the defendant asserts that the plaintiff failed to present evidence properly to the commissioner in support of the motion to correct.

The record fails to indicate that these claims were raised before the review division. "We have generally taken the position that we do not sit de novo on civil cases for arguments that have not been raised in the agency whose action we are reviewing." *Ancona* v. *Norwalk,* 217 Conn. 50, 54 n.6, 584 A.2d 454 (1991). Accordingly, we decline to address these issues.

The decision of the compensation review division of the workers' compensation commission is affirmed.

In this opinion the other judges concurred.

---

[5] The commissioner stated: "On October 13, 1988 and for many years prior thereto, [the plaintiff] worked for the [defendant]."