STEVEN GIBSON *v.* KEEBLER COMPANY ET AL.
(13329)

DUPONT, C. J., and FOTI and HEIMAN, Js.

Argued January 17—decision released March 28, 1995

*Richard L. Aiken, Jr.,* with whom, on the brief, was *Douglas L. Drayton,* for the appellant (plaintiff).

*John T. Scully,* for the appellees (defendants).

FOTI, J. The plaintiff appeals[1] from a decision of the compensation review board of the workers' compensation commission (review board) affirming the commissioner's dismissal of his claim for lack of jurisdiction. We affirm the decision of the review board.

The facts necessary to the resolution of this appeal may be summarized as follows. On August 13, 1982, the plaintiff, Steven Gibson, was injured at O'Hare International Airport in Chicago, Illinois, during the course of his employment with the defendant, Keebler Company. He submitted a claim and was paid benefits pursuant to the Illinois Workers' Compensation Act. On June 25, 1986, he submitted a claim for supplemental benefits under the Connecticut Workers' Compensation Act, General Statutes § 31-275 et seq. The commissioner dismissed the plaintiff's claim under the Connecticut Workers' Compensation Act. In the written decision dated July 15, 1992, the commissioner found that Connecticut was not the place of injury and that the plaintiff's employment contract originated in Massachusetts. The commissioner also concluded that Connecticut was not the place of the employment relation.[2] He found that, at the time of injury, the plaintiff was on the corporate staff of his employer located in Illinois, and that he had an office in Illinois. At the time, the plaintiff was employed as regional sales manager and was responsible for sales in the company's Atlantic region. This region included territory from Norfolk,

---

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the appellate court."

[2] The commissioner's findings were based on the following information: Facts stipulated to by all parties, the plaintiff's deposition, a transcript of a formal hearing held before another commissioner on February 14, 1991, and other evidence, including exhibits. The commissioner noted that "[t]he question of the location of the [plaintiff's] employment involved conflicting evidence."

Virginia, to Canada, and from Albany, New York, to Allentown, Pennsylvania. The plaintiff reported his injury to his immediate supervisor at his employer's headquarters in Illinois, and filed his claim for benefits in that state. The plaintiff did not make a claim for benefits in Connecticut until almost four years after his injury. The commissioner found that "[t]here were not significant contacts with the state of Connecticut" and concluded that Connecticut did not have jurisdiction over the plaintiff's claim.

The plaintiff appealed the commissioner's decision to the compensation review board pursuant to General Statutes § 31-301 (a).[3] The review board affirmed the commissioner's conclusion that no award of benefits could be made in Connecticut because Connecticut was not the place of the injury, the place of the employment contract or the place of the employment relation. See *Cleveland* v. *U.S. Printing Ink, Inc.*, 218 Conn. 181, 195, 588 A.2d 194 (1991). The plaintiff appeals from this judgment. The sole issue is whether the conclusion of the commissioner, as affirmed by the review board, that the evidence was not sufficient to establish that Connecticut was the place of the employment relation is proper.

"As a preliminary matter, we note that when a decision of a commissioner is appealed to the review [board], the review [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 538–39, 542 A.2d 1118 (1988). The commissioner has the power and duty, as the trier of fact, to determine the facts. *Castro* v. *Viera*, 207 Conn. 420,

---

[3] General Statutes § 31-301 (a) provides in relevant part: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner . . . either party may appeal therefrom to the Compensation Review Board . . . ."

435, 541 A.2d 1216 (1988)." *Vanzant* v. *Hall*, 219 Conn. 674, 677, 594 A.2d 967 (1991). The commissioner's conclusions from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Romanski* v. *West Hartford*, 34 Conn. App. 307, 316, 641 A.2d 439 (1994). Our scope of review of the actions of the review board is similarly limited. Id. The decision of the review board must be correct in law, and must not include facts found without evidence or fail to include material facts that are admitted or not disputed. *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994).

The plaintiff argues that he established that he had an office located in Manchester, Connecticut, and that he spent time at that office, and had files and a secretary there. He argues that there was ample evidence presented to support a finding that the majority of his work was performed in Connecticut, that significant contacts with Connecticut existed, and that, therefore, his claim is subject to the Connecticut Workers' Compensation Act.

The review board was aware that the commissioner who decided the matter had heard and seen the witnesses, and that the issue of credibility was of great importance in his decision. See *Schick* v. *Windsor Airmotive Division/Barnes Group, Inc.*, 34 Conn. App. 673, 678, 643 A.2d 286 (1994). The review board noted that conflicting evidence had been presented. For example, the plaintiff testified before the commissioner that his office was in Connecticut and that "when he was in the home office in Illinois, he took whatever office was available to him for meetings." In his deposition, however, he indicated that he was on the corporate staff technically based in Illinois and that he had a Chicago office. The review board correctly recognized that it was within the province of the commissioner to resolve

the inconsistencies or contradictions in the evidence, and that it, as a review board, does not retry the facts. The trier of the facts determines with finality the credibility of the witnesses and the weight to be accorded their testimony. *Vanzant* v. *Hall*, supra, 219 Conn. 677; *Barry* v. *Posi-Seal International, Inc.*, 36 Conn. App. 1, 7, 647 A.2d 1031 (1994). The commissioner's conclusion, that Connecticut was not the place of the employment relation, drawn from the facts, must stand unless it resulted from an incorrect application of the law to the facts or from an inference illegally or unreasonably drawn from those facts. *Fair* v. *People's Savings Bank*, supra, 207 Conn. 539.

The plaintiff also argues that the commissioner applied an improper standard in concluding that there were not "significant" contacts with the state of Connecticut. He argues that the standard under *Cleveland* v. *U.S. Printing Ink, Inc.*, supra, 218 Conn. 195, is whether there is sufficient evidence of an employment relation. After a review of the record, we conclude that the trial commissioner applied the proper standard for a determination as to whether Connecticut is "the place of *the* employment relation." (Emphasis added.) Id. The commissioner determined that Connecticut was not the place of the employment relation. We conclude that the findings and conclusion of the commissioner were supported by the evidence. Because the conclusion drawn by the commissioner reflects an appropriate application of the law to the subordinate facts, the review board properly affirmed the decision of the commissioner.

The decision of the review board is affirmed.

In this opinion the other judges concurred.