[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE # 109
The plaintiff; Mushroom Tray Research Group, L.L.C., has filed a five count revised amended complaint alleging, respectively, misappropriation of trade secrets, breach of fiduciary duty, violation of the Connecticut Unfair Trade Practices Act, (CUTPA), General Statutes § 42-110a et seq., tortious interference with business relations and violation of the Uniform Trade Secrets Act (UTSA), General Statutes § 35-50 et seq. The defendants, John Nobile, Fairfield Composite Products Corp. and Fairfield Product Engineering Corp., have filed a motion to strike counts one through four of the complaint on the grounds that they fail to state a claim upon which relief can be granted. The plaintiff objects to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
Misappropriation of Trade Secrets
In count one, the plaintiff alleges a common law misappropriation of trade secrets claim. The defendants argue that this count is insufficient because under UTSA, this claim is superseded. Section35-57 (a) of UTSA provides: "Unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret." Here, the plaintiff does not allege the existence of an agreement to circumvent CT Page 4707 this provision of UTSA. Accordingly, the court will grant the defendants' motion to strike count one of the plaintiff's complaint.
Breach of Fiduciary Duty
In count two, the plaintiff alleges that the defendants breached a fiduciary duty to the plaintiff because the defendants used trade secrets acquired while employed by the plaintiff to compete with the plaintiff after the termination of the defendants' employment. The defendants argue that the plaintiff does not allege sufficient facts to establish the existence of a fiduciary duty.
"The law is well settled the knowledge acquired by an employee during his employment cannot be used for his own advantage to the injury of the employer during the employment; and after the employment has ceased the employee remains subject to a duty not to use trade secrets, or other confidential information, which he has acquired in the course of his employment, for his own benefit or that of a competitor to the detriment of his former employer." AllenManufacturing Co. v. Loika, 145 Conn. 509, 514, 144 A.2d 306 (1958). "It is axiomatic that [a]n officer and director occupies a fiduciary relationship to the corporation and its stockholders. . . . However, there is no Connecticut case which has found a fiduciary relationship to exist between an ex-officer or ex-director and its former employer. . . . If there existed a fiduciary relationship between an employee and her former employer, the employee could never work for a former employer's competitor. This is not the law of this state." (Citations omitted; internal quotation marks omitted.) First EquityDevelopment v. Risko, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162561 (May 26, 1998,Karazin, J.). Accordingly, the court finds that a former employee does not owe a fiduciary duty to a former employer. Here, the plaintiff bases the finding of the existence of a fiduciary duty on the allegation that the defendants are former employees of the plaintiff Therefore, the court will grant the motion to strike count two of the plaintiff's complaint because the plaintiff has not sufficiently alleged the existence of a fiduciary duty.[1]
CUTPA
In count three, the plaintiff alleges that the defendants' use of the trade secrets acquired during the defendants' employment to later compete with the plaintiff constitutes a violation of CUTPA. The defendants argue that the plaintiff's CUTPA claim is superseded by UTSA. CT Page 4708
As discussed infra, section 35-57 (a) of UTSA provides: "Unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret." (Emphasis added.) The issue, therefore, is whether the plaintiff's CUTPA claim conflicts with UTSA.
In United Technologies Corp. v. Turbine Kinetics, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 548324 (March 18, 1996), the court noted that the use of the term "conflicting" is ambiguous.[2] "When our legislature wanted to make a particular statutory scheme the only vehicle for recovery in a particular area of the law it certainly knew how to do so. For example, § 52-572n of our Products Liability Law says that: `A product liability claim may be asserted and shall be in lieu of allother claims against product sellers for harm caused by a product.'"United Technologies Corp. v. Turbine Kinetics supra, Superior Court, Docket No. 548324. Here, the statute does not clearly provide that all claims based upon misappropriation of a trade secret are superseded by UTSA. Accordingly, the court finds that the term "conflicting," as used by the legislature in General Statutes § 35-57
(a), is inherently ambiguous.
"[W]here the words of a statute fail to indicate clearly whether the provision applies in certain circumstances, it must be construed by this court. . . . The rules of statutory construction dictate that this court is to be guided by the language, purpose and legislative history of the statute in question." (Citations omitted; internal quotation marks omitted.) Vanzant v. Hall, 219 Conn. 674, 682,594 A.2d 967 (1991). The general purpose of UTSA is "to make uniform the law with respect to the subject of this chapter among states enacting it." General Statutes § 35-58. The purpose of the statute can be further clarified by the statements made to the Connecticut Joint Standing Committee, Judiciary regarding the enactment of UTSA.[3] See Dowling v. Slotnik, 244 Conn. 781, 804, 713 A.2d 396
(1998) ("It is now well settled that testimony before legislative committees may be considered in determining the particular problem or issue that the legislature sought to address by the legislation . . ."). During the testimony to the judiciary committee regarding UTSA, an individual in favor of the bill cited the conflicting definitions of "trade secret" in Connecticut law as a concern that would be alleviated by the adoption of UTSA. See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1983 Sess., p. 98-99. Another party in favor of the bill argued that the adoption of UTSA would resolve the conflicting product disclosure requirements under CT Page 4709 Connecticut law. See Conn. Joint Standing Committee Hearings, supra, p. 136.
The court concludes from the stated purpose of the statute, and from the legislative history, that the legislature intended to supersede Connecticut state law that pertains to the subject matter of trade secrets. Here, the plaintiff has alleged a CUTPA claim. The purpose of CUTPA is to remedy unjustified consumer injury. See A-GFoods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69
(1990). CUTPA provides a "general proscription of unfair or deceptive acts or practices. . . ." Mead v. Burns, 199 Conn. 651, 664,509 A.2d 11 (1986). CUTPA therefore provides a broad remedy for unfair trade practices, and does not affect the subject matter of trade secret law. Therefore, the court concludes that the plaintiff's CUTPA claim is not superseded by UTSA. This conclusion accords with other Superior Court decisions that have found that CUTPA provides a parallel remedy to UTSA and that a plaintiff may assert both claims together. See Troxler Electronic Laboratories, Inc. v. Palilla,
Superior Court, judicial district of Danbury, Docket No. 316518 (May 10, 1995, Stodolink, J.); Legal Service Plans, Inc. v. Heneghan,Pikor, Kennedy Allen, Superior Court, judicial district of New Haven, Docket No. 299448 (September 24, 1990, Hodgson, J.) (2 Conn. L. Rptr. 435);Vantage Computer Systems, Inc. v. The Leverage Group,Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 353076 (June 23, 1989, Thompson, J.) (4 C.S.C.R. 551). Accordingly, the court denies the defendants' motion to strike count three of the plaintiff's complaint.
Tortious Interference With Business Relations
In count four, the plaintiff alleges that the defendants "intentionally and improperly interfered with the plaintiff's relationship with its customers by using the trade secrets for their own advantage to compete directly with the plaintiff for [the] plaintiff's customers." (Revised Amended Complaint, Count Four, ¶ 13.) The defendants argue that the plaintiff has failed to allege the requisite elements of a claim for tortious interference with business relations because the plaintiff has not sufficiently pleaded that the defendants were guilty of fraud, misrepresentation, intimidation, molestation or malice.
"[F]or a plaintiff successfully to prosecute . . . an action [for tortious interference with business relations] it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the CT Page 4710 defendant acted maliciously." (Internal quotation marks omitted.)Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525,536, 546 A.2d 216 (1988). "[A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . . [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." (Internal quotation marks omitted.) Id.
Here, the plaintiff has alleged that the defendants improperly misappropriated trade secrets and used those secrets to interfere with the plaintiff's business relations. By alleging that the defendants misappropriated trade secrets, the plaintiff has alleged that the defendants' conduct was wrongful beyond the allegation of mere interference with business relations. Accordingly, the plaintiff has sufficiently alleged that the conduct of the defendants was tortious, and the court will not grant the motion to strike on this ground.
The defendants also argue that the plaintiff's tortious interference with business relations claim superseded by UTSA. As discussed infra, this court finds that only the state law claims that pertain to the subject matter of trade secret law are superseded by UTSA. The claim of tortious interference with business relations provides a remedy for those who are damaged by another's interference with a business relationship and does not define substantive trade secret rights. See Robert S. Weiss Associates, Inc. v. Wiederlight,
supra, 208 Conn. 535-37. Accordingly, the plaintiff's tortious interference with business relations claim is not superseded by UTSA. Therefore, the motion to strike the fourth count is denied.
Conclusion
For the foregoing reasons, the motion to strike is granted as to counts one and two, and denied as to counts three and four.
MINTZ, J.