## JAMES KNAPP *v.* CITY OF NEW LONDON ET AL. (15257)

Foti, Schaller and Hennessy, Js.

Argued December 10, 1996—officially released March 18, 1997

*Nathan Julian Shafner*, with whom, on the brief, was *Amy M. Stone*, for the appellant (plaintiff).

*Christine C. Murphy* and *Joseph Passaretti*, for the appellees (defendants).

SCHALLER, J. The plaintiff appeals from the decision of the compensation review board (board) affirming the order of the workers' compensation commissioner (commissioner) dismissing his claim for workers' compensation benefits. The dispositive issue in this case is whether the board properly determined that the plaintiff failed to file a timely notice of claim as required by General Statutes § 31-294c (a).[1] We affirm the decision of the board.

On October 25, 1991, the plaintiff filed a notice of claim alleging that noise exposure at work damaged his hearing. The named defendant city[2] challenged this claim asserting that it was time barred because it was not filed within one year from the date of exposure to the injurious noise. Formal hearings were held before the commissioner.

The commissioner found the following facts. The plaintiff began working for the defendant in 1967. From 1967 to 1985, the plaintiff was employed as a laborer operating machines for the New London highway

---

[1] General Statutes § 31-294c provides in pertinent part: "Notice of claim for compensation. Notice contesting liability. (a) No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ."

[2] The defendant city's workers' compensation insurance carriers were also named as defendants. We refer in this opinion to the employer, the city of New London, as the defendant.

department. After experiencing hearing difficulties, the plaintiff consulted a physician for a hearing examination in the late 1970s. The physician informed him that he had sustained partial hearing loss that was work related. In 1984, the plaintiff consulted the same physician for a hearing examination. After this examination, the plaintiff began wearing hearing protection at work. In 1985, the plaintiff was promoted to the position of foreman, and was no longer exposed to the noise level and frequency that he had been prior to 1985. According to the expert medical testimony, the plaintiff's hearing loss did not appreciably change from 1984 to 1991. From these findings, the commissioner determined that the plaintiff's injurious exposure to repetitive trauma ceased in 1985, and that after 1985, when he was promoted to foreman, he was no longer exposed to injurious noise. The commissioner concluded that the "date of the accident" for purposes of § 31-294c was prior to 1985 and that, because the plaintiff failed to file written notice of his claim until 1991, his claim was time barred under § 31-294c.

The plaintiff appealed to the board claiming that there was insufficient evidence to support the commissioner's finding that he was not exposed to injurious noise after 1985. The plaintiff claimed that after he became a foreman he was still exposed to injurious noise when he supervised workers operating machinery and when he occasionally drove trucks. The board affirmed the commissioner's finding. This appeal followed.

In workers' compensation cases, "[t]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by him must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . ." (Citations omitted; internal quotation marks omitted.) *Discuillo* v. *Stone & Webster*, 43 Conn.

App. 224, 226, 682 A.2d 145 (1996). " 'Our scope of review of actions of the [board] is . . . limited. . . . The decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed.' " (Citations omitted.) *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994). "We accord great deference to the construction given to § 31-294 by the commissioner and the [board] because they are both charged with its enforcement." *Crochiere* v. *Board of Education*, 227 Conn. 333, 354, 630 A.2d 1027 (1993).

The plaintiff claims first that his notice of claim was timely for purposes of § 31-294c because he was exposed to injurious noise until 1991. We disagree. There was evidence in the record that the plaintiff was not exposed to injurious levels of noise after 1985. Notably, the plaintiff himself testified that as a foreman he no longer worked with machinery, that when he approached workers who were using machinery they would turn off the equipment while he spoke to them, and that he obtained hearing protection in 1984 that he used as often as he could. Also, the plaintiff's physician testified that the results of the plaintiff's 1984 and 1991 audiograms were substantially the same. Because the commissioner's finding that the plaintiff's exposure to injurious noise ceased after 1985 did not result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them, we conclude that the board properly affirmed his decision. See *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988).

The plaintiff claims alternatively that, even if we agree that the injurious exposure ceased in 1985, he still had one year from his last day of employment to file his claim. He argues that, because he filed his notice of claim while he was still employed by the defendant, it was timely. The plaintiff relies on *Crochiere* v. *Board*

*of Education,* supra, 227 Conn. 333, for this argument. He asserts that in repetitive trauma cases the date of injury for purposes of § 31-294c "is the last day of exposure to the work related incidents of repetitive trauma, *or the last day worked, whichever is later.*" (Emphasis added.) Id., 354. The plaintiff raises this claim for the first time in his reply brief. "It is a well established principle that arguments cannot be raised for the first time in a reply brief." *Williams Ford, Inc.* v. *Hartford Courant Co.,* 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). We therefore decline to consider it.[3]

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.

---

[3] Even if we were to consider the plaintiff's claim, the claim would fail. In *Crochiere,* our Supreme Court determined that the last day worked was the same as the last day of injurious exposure and, thus, held that the plaintiff timely filed his notice of claim because he filed the claim within one year from his last day of exposure to the work related trauma. *Crochiere* v. *Board of Education,* supra, 227 Conn. 353–54. This holding is consistent with the repetitive trauma cases decided since *Crochiere,* which state that, as a matter of law, the "date of the accident" of a repetitive trauma case is the last day of exposure. *Borent* v. *State,* supra, 33 Conn. App. 499; *Discuillo* v. *Stone & Webster,* supra, 43 Conn. App. 227. Although it is true that in many instances the last day of exposure is the last day worked; see *Crochiere* v. *Board of Education,* supra, 353–54; *Discuillo* v. *Stone & Webster,* supra, 227; this is not always true. The present case illustrates that point. This case, in fact, is unique because it involves two situations in which the last day of injurious exposure is not the same as the last day worked. The first situation is where the injurious exposure ceases at some point before the employee's last day worked. The second situation is when the employee files his or her claim while he or she is still employed. In both instances, the commissioner's finding of the last day of injurious exposure properly governs for purposes of determining the date of the accident under § 31-294c. Here, the commissioner correctly concluded that, because the plaintiff did not file a written notice of claim within one year from his last day of exposure, his claim was time barred under § 31-294c.