STANLEY DORSEY *v.* UNITED TECHNOLOGIES CORPORATION/NORDEN SYSTEMS, INC., ET AL.
(AC 16378)

Foti, Schaller and Hennessy, Js.

Argued April 29—officially released July 15, 1997

*Lindalea P. Ludwick,* for the appellant (plaintiff).

*Jason M. Dodge,* for the appellees (defendant Cigna Property and Casualty Company et al.).

*Maureen E. Driscoll,* with whom, on the brief, was *Scott Wilson Williams,* for the appellees (defendant Liberty Mutual Insurance Company et al.).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment of the workers' compensation review board[1] (board) reversing the commissioner's decision granting the plaintiff's claim for compensation benefits. On appeal, the plaintiff claims that the board improperly (1) applied the one year statute of limitations, (2) failed to extend the statute of limitations for a repetitive trauma claim beyond one year from the date of last exposure where there is no known manifestation of an injury within the

---

[1] The board's judgment was by majority vote with chairman Jesse M. Frankl dissenting.

one year period, (3) denied the plaintiff's rights to due process, and (4) reversed the commissioner's finding and order. We affirm the judgment of the board.

The commissioner found the following facts. The plaintiff was employed by the named defendant[2] from 1971 until his retirement on March 11, 1990. He worked as a powerhouse operator and also worked in the air conditioning facility, in which he was exposed to loud equipment on a daily basis. The first time that he was aware he was suffering a hearing loss and that it could have been caused by his work was on or about January 5, 1993. The last date of his exposure to the noise and his last day of work was March 11, 1990. On January 14, 1993, the plaintiff filed a claim alleging a hearing loss arising from his employment with the named defendant from March 8, 1971, to March 11, 1990, stating that the date of diagnosis of the hearing loss was January 5, 1993.

The commissioner found that the plaintiff's notice of claim was timely filed. The board, by majority, reversed the commissioner's decision and determined that the claim should have been dismissed for failure to file notice within one year following the date of last exposure pursuant to General Statutes § 31-294c (a).[3]

---

[2] In addition to the named defendant, Liberty Mutual Insurance Company and Cigna Property and Casualty Company are also defendants.

[3] General Statutes § 31-294c (a) provides: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first

"Our standard of review of the board's determination is clear. [T]he [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. Although the [board] may take additional material evidence, this is proper only if it is shown to its satisfaction that good reasons exist as to why the evidence was not presented to the commissioner. Otherwise, it is obliged to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . *Six* v. *Thomas O'Connor & Co.*, [235 Conn. 790, 798–99, 669 A.2d 1214 (1996)]." (Internal quotation marks omitted.) *Williams* v. *Best Cleaners, Inc.*, 237 Conn. 490, 500–501, 677 A.2d 1356 (1996).

To resolve the plaintiff's claims on appeal, we must determine whether the plaintiff's lack of knowledge regarding a repetitive trauma injury extends the one year statute of limitations for filing a notice of claim beyond one year after the last date of exposure.

There is no question that hearing loss is a type of repetitive trauma not specifically referenced in the relevant portion of the statute of limitations, which provides: "No proceedings for compensation . . . shall be maintained unless a written notice of claim . . . is

manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of the notice to the Commissioner of Administrative Services. As used in this section, 'manifestation of a symptom' means manifestation to an employee claiming compensation, or to some other person standing in such relation to him that the knowledge of the person would be imputed to him, in a manner that is or should be recognized by him as symptomatic of the occupational disease for which compensation is claimed."

given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ." General Statutes § 31-294c (a). Personal injury is defined to include "in addition to accidental injury . . . an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease." General Statutes § 31-275 (16) (A).

"[T]he date of injury is either the last day of exposure to the work related incidents of repetitive trauma or the date of the accident." *Discuillo* v. *Stone & Webster*, 43 Conn. App. 224, 226–27, 682 A.2d 145, cert. granted, 239 Conn. 953, 688 A.2d 325 (1996). "The last day of exposure is usually the last day of employment." Id., 227. There is no question that § 31-294 provides a one year statute of limitations for an accidental injury, regardless of a plaintiff's knowledge of a causal relationship to his or her employment. *Keegan* v. *Aetna Life & Casualty Ins. Co.*, 42 Conn. App. 803, 806–807, 682 A.2d 1321, cert. denied, 239 Conn. 942, 686 A.2d 120 (1996). We conclude that the statute of limitations in repetitive trauma cases runs one year from the date of last injurious exposure, regardless of when the plaintiff developed knowledge that the injury resulted from his employment. See *Discuillo* v. *Stone & Webster*, supra, 226–27; see also *Keegan* v. *Aetna Life & Casualty Ins. Co.*, supra, 808.

The plaintiff also claims that the board, in applying the one year provision of the statute to run from the last day of exposure rather than from the first known manifestation of an injury, violated his rights to due process and access to the courts.[4] We do not agree.

---

[4] The plaintiff also claims a violation of his rights under article first, § 10, of the Connecticut constitution. The plaintiff offers no separate analysis for

"There is no reason, constitutional or otherwise, which prevents the legislature from enacting a statute, such as [§ 31-294c (a)], which starts the limitation on [claims] for [workers' compensation benefits] from the date of the [injury] complained of, even though at that date no person has sustained damage and therefore no cause of action has come into existence. Indeed, such a provision accords with the purposes of statutes of limitation. . . ." (Citation omitted; internal quotation marks omitted.) *Keegan* v. *Aetna Life & Casualty Ins. Co.*, supra, 42 Conn. App. 810.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.

---

his state constitutional claim, and, therefore, we will not review it. See *State* v. *Kiser*, 43 Conn. App. 339, 353–54, 683 A.2d 1021, cert. denied, 239 Conn. 686 A.2d 122 (1996).