Decided November 20, 1997

STANLEY DORSEY *v.* UNITED TECHNOLOGIES CORPORATION/NORDEN SYSTEMS ET AL.

The plaintiff's petition for certification for appeal from the Appellate Court, 45 Conn. App. 707 (AC 16378), is granted. The case is remanded to the Appellate Court for reconsideration in light of *Discuillo* v. *Stone & Webster*, 242 Conn. 570 (1997).

In view of our remand without further proceedings in this court, the provisions of Practice Book § 4138 are waived.

BERDON, J., with whom MCDONALD, J., joins, concurring. I agree that the petition by the plaintiff, Stanley Dorsey, for certification for appeal from the judgment of the Appellate Court[1] in this workers' compensation case should be granted, the judgment of the Appellate Court should be vacated and the case remanded to that court for reconsideration in light of *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 698 A.2d 873 (1997). Although the majority assumes that this direction to the Appellate Court provides sufficient guidance, I write separately to expound on *Discuillo*.

In *Discuillo*, we were faced with determining the time limitation period within which an employee must file a notice of claim with respect to a repetitive trauma injury. A majority of the court held that because the legislature failed to provide for such a time limitation, but did so for an accidental injury and occupational disease, repetitive trauma injury must "be read broadly enough so [as to] be deemed to fall into one of the two extant *jurisdictional* categories, as appropriate to the specific facts of each particular claim." (Emphasis in original.) Id., 578. This means that the employee must give written notice of a claim for compensation if the injury is classified as—that is, closely related to—an accidental injury "within one year from the date of the accident," and, if it is classified as an occupational disease, "within three years from the first manifestation of a symptom of the occupational disease . . . ." General Statutes (Rev. to 1981) § 31-294.[2]

---

[1] *Dorsey* v. *United Technologies Corp.*, 45 Conn. App. 707, 697 A.2d 713 (1997).

[2] At the time of the plaintiff's injury, General Statutes (Rev. to 1981) § 31-294 provided in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent

This rule set forth in *Discuillo* not only will cause confusion, uncertainty and injustice, but it also overturned ten years of precedent of the workers' compensation review board. See *Discuillo* v. *Stone & Webster*, supra, 242 Conn. 591–92 (*Berdon, J.*, dissenting).[3] That precedent required that repetitive trauma claimants must give notice within one year, but that year limitation "is subject to a discovery rule—that is, the one year period is tolled until the employee discovers, or should have discovered through the exercise of reasonable care, that he or she has been injured and that the injury is causally connected to his or her employment." Id., 591.[4]

---

or dependents, or the legal representative of the deceased employee, may make claim for compensation within such two-year period or within one year from the date of death, whichever is later. . . ." This language is presently codified at General Statutes § 31-294c (a).

[3] The plaintiff in *Discuillo* pointed out in his motion for reconsideration that the rule, which was never argued below or in this court by either party, but which was adopted by the majority in *Discuillo*, will cause great confusion and injustice. First, claimants who have suffered repetitive trauma injuries, as well as their employers, will not know which limitation period applies or when the limitation period began to run until a hearing has been held on the issue of whether the claimant's particular injury is more like an accidental injury or more like an occupational disease. Because the resolution of this issue will require a workers' compensation commissioner to engage in a complicated factual analysis in each case based on medical expert testimony, the rule does not provide any guidance to claimants as to when they must file their claims. Second, unless a claimant has satisfied both limitation periods by filing his claim within one year of the last date of exposure and within three years of the date of awareness, the issue of timeliness can be resolved only by a trial. Because that is a jurisdictional issue, many claims that would normally have been accepted by the employer will now be denied until litigation on the issue has concluded. As a result, claimants will be denied necessary medical treatment and compensation while the issue is being litigated at great additional expense. Third, since the majority does not provide any standards for commissioners to apply in determining whether an injury is more like an occupational disease or more like an accidental injury, different commissioners, faced with the same evidence pertaining to the same injury, may reach opposite conclusions on this issue.

[4] In doing so, the majority ignored our long-standing rule of construction with respect to workers' compensation law: broad and liberal construction

The consequence of classifying repetitive trauma as an accident, under the *Discuillo* rule, could require the employee to give notice either before he knew he suffered an injury or before he knew that the injury was causally connected with his employment. For example, if an employee, as a result of repetitive trauma, developed cancer, which manifests itself one year and a day after he left his employment and that repetitive trauma is classified as an accidental injury, the employee, his widow or dependent child would be barred from making a claim because the filing period would have passed prior to the time the employee became aware of the cancer. Likewise, in the present case, if the plaintiff's repetitive injury is classified for notice purposes as an accidental injury, his claim will have been time barred because more than one year had elapsed before he became aware of his injuries. The plaintiff retired on March 11, 1990, and he did not give his former employer notice of his claim until January 14, 1993, because "[t]he first time that he was aware he was suffering a hearing loss and that it could have been caused by his work was on or about January 5, 1993," nine days before he gave the notice. *Dorsey* v. *United Technologies Corp.*, 45 Conn. App. 707, 709, 697 A.2d 713 (1997). Nevertheless, I recognize that *Discuillo*, for the time being, is our law.

On remand to the Appellate Court, this case should be remanded to the workers' compensation commissioner for a factual determination of whether the plaintiff's hearing loss caused by the repetitive trauma, for notice purposes, is to be classified as an accidental injury or

in order "to accomplish its humanitarian purpose"; *Dubois* v. *General Dynamics Corp.*, 222 Conn. 62, 67, 607 A.2d 431 (1992); and our usual "great deference to the construction given to [workers' compensation law] by the commissioner and the review [board] because they are both charged with its enforcement." *Crochiere* v. *Board of Education*, 227 Conn. 333, 354, 630 A.2d 1027 (1993).

as an occupational disease. Although the majority in *Discuillo* curiously made this factual determination, it is not for an appellate court to determine the underlying facts.

*David A. Shaw*, in support of the petition.

*Jason M. Dodge*, in opposition.

Decided October 9, 1997