## DENISE MASKO *v.* BOARD OF EDUCATION OF THE TOWN OF WALLINGFORD
### (AC 16891)

O'Connell, C. J., and Sullivan and Dupont, Js.

Argued January 21—officially released April 28, 1998

*James M. Quinn,* for the appellant (named defendant).

*James L. Pomeranz,* for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant employer, the Wallingford board of education (school board), appeals from the decision of the workers' compensation review board affirming the trial commissioner's decision awarding

compensation benefits to the plaintiff. The school board claims that the review board improperly (1) concluded that the death of the plaintiff's decedent arose out of and in the course of his employment, (2) made findings without adequate knowledge of applicable law and (3) made findings that were unsupported by the evidence. We affirm the review board's decision.

The record discloses the following relevant facts. The decedent, Andrew Masko, was employed by the school board as its business manager. At the time of his death, the decedent was anxious and frustrated with the ongoing negotiations over the collective bargaining agreement that covered his position. The negotiations had failed, and the parties were forced to resort to binding arbitration.

On May 10, 1993, during regular business hours in accordance with the town's custom, an arbitration hearing between the union and the school board was conducted at Sheehan High School in Wallingford. The decedent voluntarily attended the hearing with his employer's permission, for which time he received compensation.[1] At the hearing, the decedent delivered a lengthy speech after which he collapsed and later died. Cardiologists concluded that the decedent's death was caused by the emotional stress of the hearing, in addition to a preexisting heart condition. No contrary medical opinion was offered.

The trial commissioner awarded workers' compensation benefits to the decedent's widow, Denise Masko, the plaintiff in this action. The school board appealed that award, claiming that the decedent's death did not arise out of and in the course of his employment. The

[1] The decedent attended the arbitration hearing as a member of the union that was negotiating with the school board. He was not there as a representative of the school board.

review board affirmed the commissioner's findings, and the school board appealed to this court.

In reviewing a trial commissioner's findings, the review board must hear the "appeal on the record and not retry the facts. . . . It is the commissioner who has the power and the duty to determine the facts . . . and the review [board] may take evidence in addition to that certified to it by the commissioner only if good reason exists why the evidence was not presented to the commissioner. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citations omitted; internal quotation marks omitted.) *Besade* v. *Interstate Security Services*, 212 Conn. 441, 448–49, 562 A.2d 1086 (1989); *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988); *Castro* v. *Viera*, 207 Conn. 420, 440, 541 A.2d 1216 (1988).

"Our scope of review of actions of the [review board] is . . . limited. . . . The decision of the [review board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed. . . . We accord great deference to the construction given to [General Statutes § 31-294c] by the commissioner and the [review board] because they are both charged with its enforcement." (Citations omitted; internal quotation marks omitted.) *Knapp* v. *New London*, 44 Conn. App. 465, 468, 691 A.2d 11 (1997).

I

The school board first claims that the review board improperly affirmed the conclusion that the decedent's death arose out of and in the course of his employment. The general rule to be applied in workers' compensation cases is that to be compensable an injury must (1) arise

out of the employment and (2) occur in the course of employment. *McNamara* v. *Hamden*, 176 Conn. 547, 556, 398 A.2d 1161 (1979). Arising out of employment "refers to the origin and cause of the accident." (Internal quotation marks omitted.) Id., 550. To occur in the course of the employment, the injury must take place (1) within the period of employment, (2) at a place where the employee may reasonably be, and (3) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it. These three parts correspond to the time, place and circumstance of the accident. Id., 550–51.

Our Supreme Court has gone one step further and held that when determining whether the activity is incidental to the employment, the following rule should be applied: "If the activity is regularly engaged in on the employer's premises within the period of the employment, with the employer's approval or acquiescence, an injury occurring under those conditions shall be found to be compensable." Id., 556; see *Mazzone* v. *Connecticut Transit Co.*, 240 Conn. 788, 791, 694 A.2d 1230 (1997). "The determination of whether an injury arose out of and in the course of employment is a question of fact for the commissioner." *Spatafore* v. *Yale University*, 239 Conn. 408, 418, 684 A.2d 1155 (1996).

The record in this case reveals, and it remains undisputed, that the decedent's death arose out of his employment because the decedent's death was caused by his attendance at the arbitration hearing on May 10, 1993. The conflict between the parties in the present case is whether the decedent's death occurred during the course of his employment. We conclude that it did.

First, the trial commissioner found that the decedent attended the arbitration hearing as a union member with his employer's permission and was paid for that time. Second, the trial commissioner found that the decedent

collapsed during this hearing, which was being conducted during the regular business hours of his employment. Third, it is undisputed that the hearing took place on the school board's premises, a place where the decedent reasonably could have been found as a union participant during the arbitration proceedings.

Finally, the decedent was, at the very least, doing something incidental to his employment. As we have stated, the decedent was, with his employer's permission, attending an arbitration hearing on his employer's premises during his regular business hours. Furthermore, arbitration hearings are the usual and regular legal mechanism to resolve municipal labor disputes. See General Statutes § 7-473c (b). Consequently, the decedent's death arose during the course of his employment.

The school board incorrectly relies on *Spatafore* v. *Yale University*, supra, 239 Conn. 408, to argue that the phrase "incidental to employment" requires the employee's activity, during which the death or disability occurs, to include some benefit to his or her employer before it can be found that such death or disability arose during the course of employment.[2] *Spatafore*, however,

---

[2] The school board argues that the holding in *Spatafore* v. *Yale University*, supra, 239 Conn. 408, was founded on the employee's union activity and did not concern whether the activity occurred on or off the employer's premises. Thus, the school board argues that some employer benefit must be shown whenever union activity is at issue. We disagree and conclude that *Spatafore* required employer benefit because the employee was injured when returning to work after attending a union meeting, i.e., the employee was off her employer's premises.

While not relevant to our holding, it is noteworthy that the *Spatafore* court recognized that it was possible for employer benefit to be found in situations involving negotiations and agreement. *Spatafore* itself involved a union meeting where no representatives of the employer were in attendance. Although in this case the review board concluded, inter alia, that the school board benefited from the arbitration proceeding, our affirmance of the review board's decision does not rest on that ground. As we have stated in the body of this opinion, it was not necessary for this plaintiff to satisfy the test of employer benefit.

applies only when the injury leading to the disability or the death occurs off the employer's premises. As in *McNamara* v. *Hamden,* supra, 176 Conn. 547, "[w]hen an employee is *on the premises* and is *within the period of employment* . . . it should not be necessary to satisfy the additional test of employer benefit. Rather, the basic test should be remembered and applied: Is this activity incidental to the employment? The meaning of the term 'incidental' need not be defined as compulsion by or benefit to the employer in all cases." (Emphasis in original.) Id., 553.[3]

In sum, because we conclude that the decedent's death arose out of and in the course of his employment, it follows that his death is compensable and the plaintiff, as the decedent's statutory dependent, is entitled to workers' compensation benefits.

## II

The school board next claims that the Municipal Employees Relations Act (act), General Statutes §§ 7-467 through 7-477, is controlling as to procedural and substantive matters in an arbitration proceeding, and that the trial commissioner's interpretation of the act as resolving disputes and, therefore, resulting in a mutual benefit was improper. The school board argues that the trial commissioner improperly looked to the purpose of the act to make factual conclusions that would support a finding of mutual benefit. We disagree.

[3] The school board argues that footnote one in *McNamara* v. *Hamden,* supra, 176 Conn. 547, requires that employer benefit be shown when an *infrequently occurring* activity takes place on the employer's premises. That footnote does not *require* that employer benefit be shown, but merely gives an example of what can be used to show a connection between an injury and employment where that connection appears attenuated, for whatever reason. Such a showing is not applicable here. In the present case, not only was the decedent's attendance at the arbitration hearing a frequent activity, but its employment connection was obvious enough without having to prove employer benefit.

The school board's second claim presupposes that the employer benefit test enunciated in *Spatafore* v. *Yale University*, supra, 239 Conn. 408, applies to the present case. Because we concluded in part I of this opinion that employer benefit is not essential under the present facts, further inquiry into this claim is unwarranted.

### III

The school board finally claims that the trial commissioner made findings that were not supported by the evidence. "First, we note that our review of an administrative appeal is limited. Our Supreme Court has established a firm standard that is appropriately deferential to agency decision making, yet goes beyond a mere judicial [rubber-stamping] of an agency's decisions. . . . Courts will not substitute their judgment for that of the agency where substantial evidence exists on the record to support the agency's decision, and where the record reflects that the agency followed appropriate procedures." (Citations omitted; internal quotation marks omitted.) *Cabasquini* v. *Commissioner of Social Services*, 38 Conn. App. 522, 525–26, 662 A.2d 145, cert. denied, 235 Conn. 906, 665 A.2d 899 (1995).

The school board contends that the trial commissioner improperly concluded that other job-related stressors, beyond those caused by the arbitration session, had an adverse impact on the decedent and led directly to his death. The school board argues that this finding is contrary to the only medical evidence before the commission, namely, that the decedent's death was precipitated by the stress of the hearing. Moreover, the school board asserts that other findings that were made by the trial commissioner were erroneous and not germane to the central issue of the case. Finally, the school board contends that there was insufficient evidence to support the conclusion that it was the established

custom of the town to allow arbitration during business hours. We disagree.

First, there was sufficient medical evidence to support a finding that the hearing caused the stress that led to the decedent's death. The school board does not dispute this. In its brief, the school board concedes that the plaintiff has met her burden of proving that the decedent's death arose out of his employment. The fact that the trial commissioner made *additional* conclusions is irrelevant and does not affect the outcome of this case. In arguing that the commissioner's findings were not germane to the case, the school board fails to persuade this court that the evidence supporting the commissioner's findings was *insufficient* or that such findings were *inconsistent* with the evidence.

Second, contrary to the school board's contention, there was testimony given by the superintendent of schools that the school board's custom with respect to this particular bargaining unit was to allow negotiations, mediations and arbitrations during work hours. With that fact before the trial commissioner, it cannot be said that there was insufficient evidence to support such a conclusion.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.

