BEN GYADU *v.* D'ADDARIO INDUSTRIES, INC., ET AL.
(AC 17751)

Landau, Spear and Healey, Js.

Argued December 15, 1998—officially released May 11, 1999

*Ben Gyadu,* pro se, the appellant (plaintiff).

*Richard T. Stabnick,* for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiff, Ben Gyadu, appeals from the decision of the workers' compensation review board (review board) dismissing his appeal from the award of the workers' compensation commissioner (commissioner). Because the review board did not make the factual finding necessary to determine the timeliness of the plaintiff's appeal, we reverse the decision and remand the case for further proceedings.

The plaintiff suffered a work-related, compensable injury to his right arm in 1986 and received compensation benefits pursuant to a voluntary agreement from 1986 through 1996. At the time of his injury, the plaintiff was working as a mason and, as a result of his injury, he can no longer perform that type of work. The plaintiff requested additional compensation benefits pursuant to General Statutes § 31-308a. The commissioner held hearings on the request in May, 1996, September, 1996, and April, 1997. The commissioner entered his findings

and award on April 8, 1997.[1] On April 24, 1997, the plaintiff appealed to the review board from the commissioner's decision. The defendants, D'Addario Industries, Inc., and its workers' compensation insurance carrier, filed a motion to dismiss the appeal as untimely. The review board granted the defendants' motion to dismiss, and the plaintiff appealed to this court.

"Our scope of review of [the] actions of the [review board] is . . . limited. . . . The decision of the [review board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Knapp* v. *New London*, 44 Conn. App. 465, 468, 691 A.2d 11 (1997).

The claim on appeal is that the review board improperly determined that the plaintiff's appeal was jurisdictionally defective because it was not timely filed pursuant to § 31-301 (a). "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition . . . ." General Statutes § 31-301 (a).

"This court [has] . . . held that the ten day appeal period set forth in § 31-301 (a) 'begins to run on the day on which the party wanting to appeal is sent meaningful notice of the commissioner's decision.' *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 303, 650 A.2d 613 (1994)." *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn.

---

[1] Pursuant to § 31-308a, the commissioner awarded the plaintiff benefits for the period between the date of the last payment made by the defendants and May 29, 1996, and determined no further benefits were to be paid.

App. 717, 720, 667 A.2d 76 (1995). "[N]otice that comports with the constitutional requirements of due process has been deemed to be the date on which notice of the appealable decision is given to the party who might want to appeal." *Conaci* v. *Hartford Hospital,* supra, 302. "Once the [review] board determines that an appeal is untimely it no longer has jurisdiction to address any remaining substantive claim." *Freeman* v. *Hull Dye & Print, Inc.,* supra, 720.

We remanded both *Conaci* and *Freeman* to the review board because it improperly dismissed the plaintiffs' appeals without making factual determinations as to when notices of the commissioners' findings and awards were given to the plaintiffs. We have carefully examined the review board's dismissal order and find here, as well, that the review board did not make the required finding of fact.[2] We, therefore, remand the matter to the review board to make the necessary finding of fact as to when the commissioner gave the plaintiff notice of his finding and award.

The decision of the workers' compensation review board is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[2] The review board's dismissal order states in relevant part: "The [plaintiff] has filed an appeal from the April 8, 1997 Finding and Award of the Commis-

sioner acting for the Fifth District. The [plaintiff's] appeal was filed on April 24, 1997. The [plaintiff's] petition for review was not filed within the time limit prescribed by § 31-301 (a) . . . ."