DEAN SANFORD *v.* CLINTON PUBLIC
SCHOOLS ET AL.
(AC 18240)

Foti, Landau and Hennessy, Js.

Argued April 22—officially released July 20, 1999

*Penn Rhodeen,* for the appellant (plaintiff).

*Joseph E. Skelly, Jr.,* for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiff, Dean Sanford, appeals from the decision of the workers' compensation review board (board) affirming the workers' compensation commissioner's (commissioner) dismissal of the plaintiff's claim for workers' compensation benefits on the ground that it lacked subject matter jurisdiction. On appeal, the plaintiff claims that the board improperly (1) ruled that his claim for mental illness, which did not arise from a physical injury or occupational disease, was precluded by General Statutes (Rev. to 1993) § 31-275 (16), as amended by No. 93-228, § 1, of the 1993 Public Acts (P.A. 93-228),[1] and (2) failed to grant an amended motion to correct. We affirm the decision of the board.

The commissioner found the following facts. The named defendant, Clinton Public Schools,[2] employed the plaintiff as a teacher from 1968 until October 12, 1993. In 1989, he began to experience difficulties with the principal in the school where he taught and, in

---

[1] General Statutes (Rev. to 1993) § 31-275 (16), as amended by P.A. 93-228, § 1, provides in relevant part: "(B) 'Personal injury' or 'injury' " shall not be construed to include . . . (ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ."

[2] We note that ITT Hartford Insurance Group, as insurer of the named defendant, is the other defendant in this action.

the following year, began having difficulties with other teachers. In 1991, the plaintiff was transferred to another school in Clinton. At the new school, the plaintiff found the administration unresponsive and also found that there was a lack of accountability or discipline. In 1992, he was treated with medication by Mary Scully, an internist.[3] The plaintiff continued teaching, completing the school year in June, 1993. He returned to his teaching position in September, 1993.

On October 2, 1993, the plaintiff consulted with Jonathan Swift, a clinical social worker and psychotherapist, who diagnosed depression and referred the plaintiff to Aaron Tessler, a psychiatrist, for medication. Tessler diagnosed the plaintiff as suffering from depression and anxiety. The commissioner also found that Tessler and Swift were both of the opinion that the plaintiff suffered from depression in June, 1993.

The plaintiff left his teaching position on October 12, 1993. In April, 1994, he submitted a workers' compensation claim for his diagnosed condition of depression. In 1995, the defendants had the plaintiff examined by Mark Rubinstein, a psychiatrist. Rubinstein opined that the plaintiff suffered from depression in October, 1993. The commissioner concluded that he did not have jurisdiction over the plaintiff's claim because P.A. 93-228, § 1, became effective July 1, 1993, and excluded from the definition of "personal injury" a mental illness unless it is related to physical injury or occupational disease. See General Statutes § 31-275 (16) (B) (ii). After the board affirmed the commissioner's decision, the plaintiff appealed to this court.

The plaintiff first argues that the board improperly ruled that his claim for mental illness, which did not

---

[3] Although the plaintiff contends that Scully prescribed medication for his depression since 1992, the commissioner found that "[t]here was no evidence presented to indicate that Dr. Scully diagnosed depression."

arise from a physical injury or occupational disease, was precluded by General Statutes (Rev. to 1993) § 31-275 (16), as amended by P.A. 93-228, § 1. We conclude that the board properly determined that the plaintiff's claim is precluded by that statute.

"We first note our standard of review. The commissioner has the power and the duty to determine the facts. *Fair* v. *People's Savings Bank*, 207 Conn. 535, 539, 542 A.2d 1118 (1988). The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. Id., 538–39. The board must determine whether there was any evidence in the record to support the commissioner's findings. *Adzima* v. *UAC/Norden Division*, 177 Conn. 107, 118, 411 A.2d 924 (1979). The role of this court is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Aurora* v. *Miami Plumbing & Heating, Inc.*, 6 Conn. App. 45, 47, 502 A.2d 952 (1986)." (Internal quotation marks omitted.) *Mulroy* v. *Becton Dickinson Co.*, 48 Conn. App. 774, 776–77, 712 A.2d 436 (1998).

In reviewing the issues that are presented in this case, "we are mindful of the remedial purposes of the Workers' Compensation Act and that it should be broadly construed to accomplish its humanitarian purpose. . . . Nevertheless, we also recognize that the legislature did not intend . . . to transform the Workers' Compensation Act into a general health and benefit insurance program . . . ." (Citations omitted; internal quotation marks omitted.) *Epps* v. *Beiersdorf, Inc.*, 41 Conn. App. 430, 433, 675 A.2d 1377 (1996).

It is axiomatic that a tribunal must have jurisdiction over the subject matter that it hears and that subject

matter jurisdiction is the power of the tribunal to hear and determine cases of the general class to which the proceeding in question belongs. *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). "Administrative agencies [such as the workers' compensation commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon . . . statutes . . . ." (Internal quotation marks omitted.) Id. In workers' compensation cases, the applicable statutes are those in effect at the time of the plaintiff's date of injury. *Kluttz* v. *Howard*, 228 Conn. 401, 404 n.3, 636 A.2d 816 (1994). "We adhere to the date of injury rule as the applicable date for determining the rights and obligations as between parties . . . ." Id. Furthermore, we note that our Supreme Court has stated that our appellate courts give "great deference to the construction given to [workers' compensation law] by the commissioner and the review [board] because they are both charged with its enforcement. *Crochiere* v. *Board of Education*, 227 Conn. 333, 354, 630 A.2d 1027 (1993)." (Internal quotation marks omitted.) *Dorsey* v. *United Technologies Corp.*, 243 Conn. 949, 951–52 n.4, 704 A.2d 795 (1997) (*Berdon, J.*, concurring).

Public Act 93-228, § 1, which amended General Statutes (Rev. to 1993) § 31-275 (16), effective July 1, 1993, eliminates compensability related to claims for "mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease . . . ." See also footnote 1. Our Supreme Court has concluded that a claim for workers' compensation benefits brought by a school teacher on the basis of mental stress is deemed to be due to repetitive activity[4] at work

---

[4] General Statutes (Rev. to 1993) § 31-275 (16) provides for the recovery of workers' compensation benefits for repetitive trauma. General Statutes (Rev. to 1993) § 31-275 (16), designated as subparagraph (A) by P.A. 93-228, § 1, provides in relevant part: " 'Personal injury' or 'injury' includes . . . an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment . . . ."

rather than an "occupational disease." See *Crochiere v. Board of Education,* supra, 227 Conn. 352–53. Furthermore, in the present case, we note that the commissioner did not make any factual finding regarding a physical injury suffered by the plaintiff nor does the plaintiff allege that his mental illness arises from a physical injury. See General Statutes § 31-275 (16) (B) (ii).

Having set out these basic principles, we now consider the application of the facts to these standards. The plaintiff maintains that he was rendered clinically depressed and disabled as a result of repetitive trauma during the course of his employment. "[I]n repetitive trauma cases, it is settled law that the date of injury is the last day of exposure to the work related incidents of repetitive trauma, or the last day worked, whichever is later." *Crochiere v. Board of Education,* supra, 227 Conn. 354; see also *Discuillo v. Stone & Webster,* 43 Conn. App. 224, 226–27, 682 A.2d 145 (1996), aff'd, 242 Conn. 570, 698 A.2d 873 (1997) (last day of work is usually last day of employment). It is undisputed that the plaintiff did not become disabled from teaching until October 12, 1993. This date is the plaintiff's last day of exposure to work-related stress and, as such, is the date of injury for the purpose of determining entitlement to benefits under the Workers' Compensation Act. As of the date of the plaintiff's injury, that statute no longer afforded compensation for mental illness claims that were not associated with an occupational disease or with a physical injury.

The essence of the plaintiff's argument is that the elimination by P.A. 93-228, in 1993, of mental illness claims—unless accompanied by a physical injury or as a result of an occupational disease—from the definition of personal injury should not bar one who claims he suffered mental illness prior to that date from maintaining his claim, even though his last day of exposure

came after the repeal. The flaw in this contention, however, is that in addition to finding that his last day of exposure occurred after July 1, 1993, when the change in the applicable statute took effect, the commissioner also found that the diagnosis of depression and the first day of disability occurred subsequent to July 1, 1993. We conclude, therefore, that the commissioner's factual conclusions are reasonably supported by the evidence in the record and will not be disturbed on appeal.[5]

Because the plaintiff's claim for benefits is predicated on compensability for mental stress not related to a physical injury or to an occupational disease and therefore does not fit within the parameters of § 31-275 (16) (B) (ii), we conclude that the commissioner properly dismissed the claim for jurisdictional reasons.[6] The

[5] Were we to hold otherwise, we would essentially create a situation whereby employees could choose a date of injury that would enable them to obtain the most favorable compensation rate. Specifically, employees could claim that they were injured during a certain period of time but continued to work and did not become disabled until a later date. We are mindful of the great deference accorded to the agencies that are charged with the enforcement of workers' compensation law and decline the invitation to create such a degree of uncertainty in the current state of the law.

[6] The plaintiff, seeking support for his position that the last day of exposure rule does not bar coverage for the injury suffered before the change in the law, relies on *Bennett* v. *Beiersdorf, Inc.*, 889 F. Sup. 46 (D. Conn. 1995). This reliance, however, is misplaced. After setting out the rule that the law in effect on the date of injury controls in a claim for workers' compensation benefits, the *Bennett* court stated that "to the extent it is based on injury occurring before July 1, 1993, it is barred by the exclusivity provision of the [Workers' Compensation Act]. . . . [E]ven after the amendment, plaintiff's claim is partially barred, because it seeks compensation not only for mental or emotional impairment, but also for physical ailments, including hypoglycemia, fatigue, aggravation of the stomach, and weight loss." (Internal quotation marks omitted.) Id., 51. The *Bennett* decision, however, did not discuss the plaintiff's date of injury; the court merely stated that "to the extent it is based on injury" it was barred by the Workers' Compensation Act. Id. In the present case, we have concluded that the commissioner properly determined that the plaintiff's date of injury was October 12, 1993. As such, the plaintiff's injury, which did not arise from physical injury or occupational disease, is not barred by the exclusivity provision of the Workers' Compensation Act. See General Statutes § 31-284 (a).

board, therefore, properly concluded that the plaintiff's claim is precluded by § 31-275 (16) (B).[7]

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[7] Because of our conclusion that the board properly concluded that the plaintiff's claim is precluded by § 31-275 (16) (B) (ii), we need not address the merits of the plaintiff's second claim.