## DONALD HALL *v.* BILOW BUILDERS, INC.
### (AC 16318)

Dupont, C. J., and Landau and Schaller, Js.

Argued April 24—officially released August 19, 1997

*John P. Clarkson*, with whom, on the brief, was *Bernard Poliner*, for the appellant (named defendant).

*Taka Iwashita*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough* and *Michael Belzer*, assistant attorneys general, for the appellee (defendant second injury fund).

*Opinion*

SCHALLER, J. The defendant employer, Bilow Builders, Inc. (defendant), appeals from the decision of the compensation review board (board) reversing the finding of the commissioner. The defendant claims that the board improperly refused to order transfer of a claim to the second injury fund. We affirm the decision of the board.

The following facts are undisputed. The plaintiff, Donald Hall, suffered a compensable back injury on October 11, 1991. The defendant, which was uninsured on the date of injury, paid 104 weeks of benefits and notified the second injury fund of its intent to transfer liability pursuant to General Statutes (Rev. to 1991) § 31-349.[1] The fund acknowledged timely receipt of the

---

[1] General Statutes (Rev. to 1991) § 31-349 provides in relevant part: "Compensation for second disability. Payment for insurance coverage. (a) The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury, nor preclude compensation for death resulting therefrom. If an employee who has previously incurred, by accidental injury, disease or congenital causes, total or partial loss of, or loss of use of, one hand, one arm, one foot or one eye, or who has other permanent physical impairment, incurs a second disability by accident or disease arising out of and in the course of his employment, resulting in a permanent disability caused by both conditions which is materially and substantially greater than that which would have resulted from the second injury alone, he shall receive compensation for the entire amount of disability, including total disability, less any compensation benefits payable or paid with respect to the previous disability, and necessary

notice, but refused to accept a transfer of liability, claiming that the defendant's failure to carry workers' compensation insurance on the date of injury deprived it of the benefit of transfer. On April 27, 1994, a hearing was held before the commissioner who found that there is no statutory impediment to transfer liability to the fund in this instance. The fund appealed to the board which reversed the commissioner's decision and held that the defendant's failure to carry workers' compensation insurance on the date of injury deprived it of the benefit of transfer. This appeal followed.

The issue raised in this appeal has been ruled on by the board in a case of first impression, *Champlain* v. *Parnes*, 14 Conn. Workers' Comp. Rev. Op. 113 (1995). In *Champlain*, the employer paid workers' compensation benefits to a previously injured employee and provided timely notice to the fund pursuant to § 31-349, but was not insured for workers' compensation on the date of the second injury and, thus, was not in compliance with either General Statutes (Rev. to 1991) § 31-284[2] or General Statutes

medical care, as elsewhere provided in this chapter, notwithstanding the fact that part of such disability was due to prior accidental injury, disease or congenital causes. The employer by whom the employee is employed at the time of the injury, or his insurance carrier, shall in the first instance pay all awards of compensation and all medical expenses provided by this chapter for the first one hundred four weeks of disability. As a condition precedent to the liability of the second injury fund, the employer or his insurance carrier shall, ninety days prior to the expiration of the one-hundred-four-week period, notify the custodian of the second injury fund of the pending case and shall furnish to said custodian a copy of the agreement or award . . . . Thereafter all responsibility for compensation and medical treatment shall be with the custodian of the second injury fund. . . ."

[2] General Statutes (Rev. to 1991) § 31-284 provides in relevant part: "Basic rights and liabilities. Civil action to enjoin noncomplying employer from entering employment contracts. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure

(Rev. to 1991) § 31-354.[3] The issue was whether the second injury fund was liable for payment of a second injury pursuant to § 31-349 where the employer was uninsured for workers' compensation purposes at the time the second injury occurred. The board, after examining the statutes involved, concluded that the legislature intended to compel employers to obtain workers' compensation insurance or to self-insure. Accordingly, the board held that "when an employer is uninsured at the time of a second injury, the employer does not acquire the complete relief afforded under § 31-349 . . . ." Id., 116.

Upon our review of *Champlain* and the board's decision in this case, we conclude that the board properly denied the defendant's attempted transfer of liability to the fund when it was uninsured at the time of the plaintiff's injury. We accord great deference to the construction given to §§ 31-349, 31-284 and 31-355 by the board because it is charged with their enforcement.[4]

compensation for his employees as follows, except that compensation shall not be paid when personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits. . . ."

[3] General Statutes (Rev. to 1991) § 31-354 provides in relevant part: "Second injury and compensation assurance fund contributions. There shall be a fund to be known as the second injury and compensation assurance fund. Each employer, other than the state . . . shall, within thirty days after notice given by the treasurer, pay to the state treasurer for the use of the state a sum not to exceed five per cent of the total amount of money expended by such employer, by a private insurance carrier on his behalf, by an interlocal risk management agency on his behalf or by said fund pursuant to section 31-355 in payment of his liability under this chapter for the preceding calendar year. . . ."

[4] The *Champlain* decision, which involved statutory interpretation, was not appealed and the legislature took no action to amend the pertinent workers' compensation statutes.

See *Borent* v. *State*, 33 Conn. App. 495, 499, 636 A.2d 392 (1994). In addition, we agree with the board that the legislature intended to compel employers to obtain workers' compensation insurance or to self-insure. To allow uninsured employers to take advantage of § 31-349 would weaken employers' incentive to obtain the required insurance. Moreover, it would provide a windfall to employers operating outside the system who would seek the benefit of the fund without obtaining insurance or a certificate of insurance pursuant to § 31-284 and without paying their assessments into the fund pursuant to § 31-354. We conclude that the board properly reversed the commissioner's decision and denied transfer of liability to the fund.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.