[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14309
The plaintiff; Nicola Ricketts, filed a four count amended complaint against the defendants, Jeffrey Sheresky, Kimberly Sheresky and Kryzysztof Suchocki. In count one, the plaintiff alleges negligence against the defendants, Jeffrey and Kimberly Sheresky, for failing to meet their duty of care in properly maintaining the interior stairway in their home in a safe and sound condition or, in the alternative, for failing to post warning signs of the defective condition of the stairway. In count two of the complaint, the plaintiff also alleges negligence against Kryzysztof Suchocki, d/b/a Twin Painting, a painting contractor hired by the Shereskys, for the defective condition of the stairway. In count three, the plaintiff contends that the defendants,[1]
the Shereskys, are strictly liable for her injuries due to their failure to maintain workers' compensation insurance as required by General Statutes § 31-284.[2] In count four, the plaintiff alleges that the defendants' failure to maintain workers' compensation insurance is unlawful and offends public policy, thereby violating General Statutes §§ 42-110a, et. seq. (CUTPA).[3]
The plaintiff was employed by the defendants as a nanny to care for a minor child. The plaintiff alleges that she fell down the interior stairwell of the defendants' home, which was in the process of being painted by defendant, Suchocki, and was covered by a drop cloth. As a result, the plaintiff claims to have suffered severe and permanent bodily injuries.
The defendants filed a motion (#127) to strike count three of the amended complaint on the ground that it is legally insufficient because violations of General Statutes § 31-284 (b) do not give rise to strict liability claims. The defendants also move to strike count four of the complaint on the ground that it fails to state a claim upon which relief can be granted under CUTPA because the plaintiff fails to allege a required element, specifically that the defendants were engaged in trade or commerce. The defendants further move to strike paragraph three of the plaintiff's prayer for relief; requesting punitive damages under CUTPA, because of the alleged insufficiency of the CUTPA claim in count four.
"The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . [and determine whether they] state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] CT Page 14310 stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombard v. Edward J.Peters, Jr., PC, 252 Conn. 623, 626, 749 A.2d 630 (2000). A claim for relief can be stricken "only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
The defendants argue that count three of the plaintiff's third amended complaint is legally insufficient because violations of General Statutes § 31-284(b) do not give rise to a claim based on strict liability. The plaintiff concedes that she "has been unable to locate any Connecticut decision explaining the nature of a claim against an uninsured employer." The plaintiff argues, however, that the purposes underlying the workers' compensation act and the fact that the exclusivity provision in § 31-284(a) is in the "nature of strict liability" should lead the court to conclude that employers who fail to comply with the workers' compensation act are strictly liable for injuries occurring during the scope of employment.
The plaintiff cites Hall v. Bilow Builders, Inc., 46 Conn. App. 346,699 A.2d 269, cert. denied, 243 Conn. 931, 701 A.2d 661 (1997), for the proposition that uninsured employers should not experience windfalls by having potential workers' compensation cases transformed into negligence actions because the employers failed to obtain workers' compensation insurance. The present case is, however, distinguishable from Hall
because that case involved payments from the second injury fund rather than from a negligence action. Furthermore, Hall was decided before the relevant section of the workers' compensation act was added in 1996. Id., 347. Amended in 1996, General Statutes § 31-284 (b) of the Workers' Compensation Act permits an employee to bring a direct action if his or her employer does not insure full liability under the workers' compensation fund or furnish proof of solvency and ability to pay injured employees directly. The statutory language at issue has not been addressed in Connecticut courts. Absent judicial authority interpreting the statute, the legislative history of § 31-284(b) is instructive. The Supreme Court has provided that, "[i]n seeking to determine [the] meaning [of a statute], we look to the words of the statute itself; to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing CT Page 14311 the same general subject matter." Driscoll v. General Nutrition Corp., supra, 252 Conn. 221. The plain language of § 31-284 (b) and the legislative history indicate that this section is not intended to be a strict liability provision as is alleged by the plaintiff.
Senator Guglielmo explained "this bill would . . . limit the protection of the exclusive remedy to only those employers who comply with laws requiring workers' comp or are legally self-insured. In those cases where that did not occur, it would allow the injured employee to su[e] the uninsured employer . . . if a person is injured and the employer is uninsured, that and that in and of itself is not enough to make them liable. They have to also be negligent." 65 S. Proc., 1996 Sess., pp. 2164-2165. Representative Tulisano explained "[t]his is not a strict liability section. What we do is in some ways, revive the old common law in that a cause of action will exist. The same elements, breach of duty, approximate cause, damages, all have to apply." 65 H.R. Proc., 1996 Sess., p. 1613. Representative Ward added "I think it is reasonable if we order people to — and it is appropriate that we do that, that we order them to carry workers' compensation thereby exempting them from any liability for their negligence that if they failed to do that, and they are, in fact, negligent and caused the injury, that negligence is the proximate cause of the injury, that they be liable for those damages." 65 H.R. Proc., 1996 Sess., p. 1615.
Thus, the defendants' motion to strike count three of the plaintiff's third amended complaint, claiming strict liability for violations of § 31-284(b), is granted because uninsured employers are not strictly liable to injured employees.
The defendants further move to strike count four of the complaint because it improperly claims a violation of CUTPA and therefore fails to state a claim upon which relief can be granted. According to the defendants, the plaintiff must allege that the defendants engaged in trade or commerce in order to allege a CUTPA violation against them. The defendants argue that because the plaintiff never expressly alleged that they engaged in trade or commerce and because an employer-employee relationship by itself does not constitute trade or commerce, count four must be stricken.[4]
The plaintiff alleges that although employment relationships are not covered by CUTPA, the unfair trade practice at issue is the defendants' failure to carry workers' compensation insurance. According to the complaint, the failure of the defendants to carry workers' compensation insurance is "immoral, unethical, oppressive or unscrupulous" and "unlawful, and offends public policy." Furthermore, the plaintiff argues that an express allegation of trade or commerce is unnecessary because it CT Page 14312 can be inferred from express allegations that were included in the complaint, including the fact that "the defendants owned the house where the plaintiff performed her work, and that she was provided living quarters at the defendants' residence."
In order to successfully prevail in a CUTPA violation, the plaintiff must allege that the acts complained of were performed in a trade or business. Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334,367, 736 A.2d 824 (1999). The defendant's conduct is the dispositive factor in determining whether an act falls within CUTPA. Fink v.Golenbock, 238 Conn. 183, 214, 680 A.2d 1243 (1996). "[I]f the facts that the plaintiff alleges are insufficient to frame [the] causes of action, the plaintiff cannot prevail." (Internal quotation marks omitted.)Pergament v. Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert denied,228 Conn. 903, 634 A.2d 296 (1993). The Appellate Court found that there was no violation of CUTPA because "[t]here is no allegation in the complaint that the defendant advertised, sold, leased or distributed any services or property to the plaintiff" Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660, 670, 613 A.2d 838 (1992); cf. LarsenChelsey Realty Co. v. Larsen, supra, 232 Conn. 480, 492, 656 A.2d 1009
(1995) (where court found that the decision in Quimby did not apply to the case because the trial court failed to consider Larsen's activities rather than his relationship to the plaintiff as the basis for a CUTPA violation). Likewise, the Superior Court recently rejected a CUTPA claim after finding that the "allegations are insufficient to state a cause of action under CUTPA because the plaintiff has failed to allege that the defendant's acts occurred in the conduct of any trade or commerce." (Internal quotation marks omitted.) Yuille v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358902 (May 11, 1999, Nadeau, J.) (24 Conn.L.Rptr. 555, 556). In this case, the plaintiff did not allege that the defendants were engaged in trade or commerce. Because of this omission, the defendants' motion to strike count four of the plaintiff's third amended complaint is granted.
The defendants further argue that even if the plaintiff had alleged that they were engaged in trade or commerce, the facts here fail to support that claim. The plaintiff counters that the defendants owned the house where the plaintiff performed her work, and that she was provided living quarters at the defendants' residence and that these facts satisfy the trade or commerce requirement.
Trade or commerce is broadly defined under §§ 42-110a, et seq.[5], and the defendants did not engage in any of the acts enumerated by § 42-110a(4) as constituting trade or commerce. The defendants did not actually rent a room to the plaintiff; but rather they allowed her to stay with them as part of her compensation. The fact that CT Page 14313 the defendants owned the house where the plaintiff performed her work is insufficient to satisfy the requirement that they engaged in trade or commerce because it does not fall within the statutory definition of trade or commerce contained in § 42-110a(4)[6] Even if the plaintiff specifically alleged that the defendants were engaged in trade or commerce, the plaintiff could not prevail on this claim because the plaintiff fails to allege facts that bring her claim within the meaning of trade or commerce pursuant to § 42-110a(4). See Quimby v. KimberlyClark Corp., supra, 28 Conn. App. 671.
The third paragraph of the plaintiff's prayer for relief claims "punitive damages pursuant to C.G.S. § 42-110g(a)[7] as set forth in count three."[8] In order to recover under General Statutes §42-110g(a) of CUTPA, the plaintiff must successfully prevail in her CUTPA claim in count four. Since the defendants' motion to strike count four of the plaintiff's third amended complaint is granted, the defendants' motion to strike paragraph three of the prayer for relief is also granted.
So Ordered.
Dated at Stamford, Connecticut this 21st day of November, 2000.
WILLIAM BURKE LEWIS, JUDGE T.R.